UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKICE POYNTER, | No. 2:21-cv-0012-EFB P |
| Plaintiff, | |
| v. | ORDER |
| B. PETERSON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis. ECF No. 7. As discussed below, his application is granted and the court will screen the complaint.

## Application to Proceed in Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff's complaint (ECF No. 6) alleges the following: Plaintiff experiences extreme pain and discomfort in the heat. *Id.* at 7. He takes "heat medication" for this condition (which plaintiff does not identify). *Id.* at 5. In 2019, a doctor at Calipatria State Prison determined that housing plaintiff in a desert institution posed a danger to plaintiff's health (again, unspecified). *Id.* Accordingly, the Calipatria Classification Committee determined that plaintiff needed to be

transferred to a non-desert institution. *Id.* Plaintiff was transferred to High Desert State Prison ("HDSP"). *Id.* Not long after, plaintiff was told he would be transferred to Ironwood State Prison ("ISP"), which is in the desert. *Id.* Plaintiff told HDSP officials that he could not be sent to ISP because of his heat medications. *Id.* On March 5, 2020, however, plaintiff was transferred from HDSP to ISP. *Id.* Plaintiff does not allege whose decision it was to transfer him or whether that person knew that being housed in a desert institution posed a serious risk of harm to plaintiff's health.

At ISP, plaintiff made defendants W. Payne and W. Muezo aware that he was on heat medication, but they put him in a cell with no air flow or running water. *Id.* at 5-6. Plaintiff does not allege whether these defendants knew what "heat medication" meant of if they were aware that their actions exposed plaintiff to a serious risk of substantial harm. After being placed in the cell, plaintiff became dizzy and could not breathe. *Id.* at 6. On March 6, 2020, plaintiff passed out because his cell was too hot. *Id.* He hit his head on a stool as he fell. *Id.* His blood pressure was out of control, his heart rate was shaky, and he was diagnosed with syncope and a head trauma. *Id.*

On March 9, 2020 plaintiff informed defendant Hull that he should not be housed at ISP. *Id.* Hull responded that "No case factors warranting transfer exist at this time." *Id.* On March 11, 2020, plaintiff asked defendant Dr. Douglas Eaton why he was being housed at ISP when his prior doctor said he could not be housed in a desert prison. *Id.* Plaintiff showed Eaton the classification chrono restricting desert housing and Eaton stated, "I just work here." *Id.* On March 19, 2020, a committee at ISP acknowledged that plaintiff never should have been sent to ISP. *Id.* On September 2, 2020, plaintiff passed out again due to extreme heat. *Id.* at 7. On the same date, Eaton stopped plaintiff's medication in retaliation for plaintiff's complaints about his treatment in the heat. *Id.*

Plaintiff's allegations, while troubling, cannot survive screening as they lack sufficient detail to establish deliberate indifference for an Eighth Amendment claim. Plaintiff must show that the defendant knew of and deliberately disregarded a serious risk to plaintiff. Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy

than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106.

In any amended complaint plaintiff should strive to (1) identify his serious medical need; (2) identify the person or persons responsible for transferring plaintiff from HDSP to ISP; (3) identify what that person or persons knew about the dangers posed by transferring plaintiff to a desert institution; (4) allege whether defendants Payne and Muezo knew that the cell they housed plaintiff in posed a substantial risk of serious harm to plaintiff and deliberately disregarded that risk; (5) allege whether defendant Hull had the authority to transfer plaintiff from ISP and/or how he acted or failed to act in way that caused plaintiff harm; and (6) allege whether defendant Eaton acted or failed to act in a way that caused plaintiff harm. As for any purported First Amendment retaliation claim against Eaton, plaintiff must allege specific facts showing that Eaton discontinued plaintiff's medication because plaintiff had complained. Plaintiff must also show that the discontinuation of the medication was adverse to his health.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 7) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 6) is DISMISSED with leave to amend within 30 days from the date of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: March 5, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE