UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKICE POYNTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. PETERSON, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0012-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. He commenced this action with a complaint filed on January 4, 2021. ECF No. 1. Thereafter, on January 26, 2021, plaintiff filed another complaint. ECF No. 6. The court screened the second of the complaints pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend for failure to state a claim.[1] ECF No. 8. Plaintiff has since informed the court that he did not intend to amend his original complaint by way of the January 26, 2021 filing and that he wishes instead, to proceed on his original complaint. ECF No. 14. As discussed below, plaintiff's original complaint also fails to state a claim upon which relief could be granted.

/////

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

The complaint asserts two federal causes of action, Eighth Amendment deliberate indifference to medical needs and First Amendment retaliation.[2]  The basis for plaintiff's Eighth Amendment claims is that plaintiff takes "heat medication" and a doctor previously instructed that he not be housed in extreme heat.  Plaintiff asserts the following Eighth Amendment claims: 1) that defendant Thompson transferred plaintiff to a desert prison knowing that plaintiff was on heat medication; 2) that defendants Payne and Huezo housed plaintiff in a cell without running water or air flow, also knowing that plaintiff was on heat medication, and 3) that defendants Eaton and Hull did not help plaintiff even though they knew he was on heat medication and confined to an institution in the desert.  Nowhere in the complaint does plaintiff state what "heat medication" is or what it means, or how being housed in the heat of the new location exposed him to harm.  The court will not guess or make assumptions on plaintiff's behalf.  In order to proceed an on Eighth Amendment claim, plaintiff must be clear about his serious medical need.  A medical need is serious if the failure to treat the prisoner's condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60.  Further, plaintiff must specific and clear as to the conditions at the prison and how they allegedly posed significant injury.

As for a retaliation claim, plaintiff's allegations are too conclusory.  Plaintiff contends that defendant Eaton discontinued plaintiff's medication in retaliation for plaintiff's complaints about his treatment in the heat.  ECF No. 1 at 8.  The discontinuation of his medicine allegedly caused him to suffer from extreme headaches. *Id.*  However, plaintiff does not allege specific facts showing that Eaton discontinued plaintiff's medication *because* of plaintiff's complaints.  If plaintiff intends to pursue a retaliation claim in an amended complaint, he must allege facts showing that a defendant was aware of his First Amendment protected conduct (i.e., filing or

---

[2] Because plaintiff has not properly pleaded a federal cause of action, the court cannot exercise supplemental jurisdiction over plaintiff's state law claims and accordingly, will not screen the complaint for potential state law claims.

1 intending to file a complaint against a defendant), and that the complaint was "the 'substantial' or 'motivating' factor" behind defendant's allegedly adverse actions. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). Generally speaking, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

For these reasons, plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

/////

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

Accordingly, IT IS ORDERED that:

1. Plaintiff's complaint (*see* ECF Nos. 1 & 6) is DISMISSED with leave to amend within 30 days from the date of service of this order; and
2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED:  June 14, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE