UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKICE POYNTER, | No. 2:21-cv-0012-EFB P |
| Plaintiff, | |
| v. | ORDER |
| B. PETERSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After two dismissals pursuant to 28 U.S.C. § 1915A (ECF No. 8 & 15), plaintiff has filed an amended complaint (ECF No. 16, titled "first amended complaint"), which too must be dismissed with leave to amend.[1]

Like the prior complaints, the amended complaint concerns plaintiff's transfer from High Desert State Prison to Ironwood State Prison. He claims that because of his daily "heat medication," he has a serious medical need to be housed in a cooler climate. He claims that on March 6, 2020, he passed out in his cell due to poor air flow, no running water, and extreme heat.

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

1   ECF No. 16 at 2. He further alleges that on September 2, 2020, Dr. Eaton discontinued his
2   medication, leaving him in more pain. *Id.* at 3. The amended complaint does not include a
3   request for relief.

4       Plaintiff's amended complaint attempts to addresses the shortcomings identified by the
5   court in its screening order in isolation without redrafting the complaint as a whole. As a result, it
6   reads like a defense of the original complaint rather than as a freestanding complaint. Indeed, it
7   contains numerous references to the original complaint and argues that the original complaint
8   "properly alleges a cognizable legal theory and sufficient facts under that theory a claim for relief
9   is adequately pled." *See id.* at 3, 6, 7. As plaintiff is aware, however (*see* ECF No. 13), an
10  amended complaint supersedes any earlier filed complaint, and once an amended complaint is
11  filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v.*
12  *Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original,
13  the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th
14  Cir. 1967)). Here, plaintiff's amended complaint fails to state a claim.

15      Moreover, a pro se plaintiff, like other litigants, must satisfy the pleading requirements of
16  Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a
17  short and plain statement of the claim showing that the pleader is entitled to relief, in order to give
18  the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp.*
19  *v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
20  Rule 8(a)(3) requires a complaint to contain a demand for judgment for the relief sought. In any
21  further amended complaint, plaintiff must include a request for relief, such as monetary damages
22  or specific injunctive relief.

23      Based on the foregoing, plaintiff's "first amended complaint" (ECF No. 16) is dismissed
24  with leave to amend for failure to comply with Rule 8.

25      Accordingly, IT IS ORDERED that:
26      1. Plaintiff's "first amended complaint" (ECF No. 16) is DISMISSED with leave to
27         amend within 30 days from the date of service of this order; and
28  /////

2.  Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: September 7, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE